**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS M. VERCUSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD A. WECH, in his official capacity, and CITY OF HAZLETON,<br><br>    Defendants.<br>-------------------------------------------------<br>RICHARD A. WECH, in his official capacity, and CITY OF HAZLETON,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>BARRY ISETT AND ASSOCIATES, INC., and RICHARD HARMON,<br><br>    Third-Party Defendants. | CIVIL ACTION NO. 3:CV-13-1459<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Motion to Dismiss (Doc. 10) the Third-Party Complaint filed by Third-Party Defendants Barry Isett and Associates, Inc. and Richard Harmon (collectively, the "Third-Party Defendants"). Because the Third-Party Complaint fails to set forth a valid third-party claim under Rule 14(a)(1) of the Federal Rules of Civil Procedure, Third-Party Defendants' motion to dismiss will be granted.

### **I. Background**

Plaintiff Thomas M. Vercusky ("Vercusky") commenced this action against Defendants/Third-Party Plaintiffs Richard A. Wech ("Wech") and the City of Hazleton (the "City") on May 31, 2013 (collectively, the "Third-Party Plaintiffs"). Vercusky alleges that Wech and the City deprived him of his procedural and substantive due process rights in violation of the Fourteenth Amendment to the United States Constitution when they

evacuated and condemned an apartment building he owned and disconnected the building's power. (*Compl.*)

Wech and the City filed an Answer to Vercusky's Complaint on August 2, 2013. (Doc. 6.) The same day, Wech and the City filed a Third-Party Complaint against Barry Isett and Associates, Inc. ("Isett") and Richard Harmon ("Harmon"). (*Third-Party Compl.*)

Third-Party Defendant Harmon is a Construction Inspector and Project Manager that is employed by Isett or works as an independent contractor for Isett. (*Third-Party Compl.*, ¶¶ 5-6.) Harmon specializes in building and construction codes and ordinances. (*Id.*) During the times relevant to Vercusky's Complaint, Isett and/or Harmon contracted with the City to provide inspection services for buildings in the City. (*Id.* at ¶ 7.) Isett and/or Harmon's duties included inspecting buildings, identifying code violations, providing advice regarding the existence of code violations to the City and Wech, and authoring reports and Notices of Violations. (*Id.* at ¶ 8.) Third-Party Defendants were retained by Wech and the City based on their purported expertise in building and construction codes and ordinances, and Wech and the City relied upon their advice regarding building inspections and code violations. (*Id.* at ¶¶ 9-10.)

The Third-Party Complaint alleges that Isett and Harmon are liable to Vercusky and/or liable to Third-Party Plaintiffs for all or part of the claims against them because: (1) Wech and the City acted pursuant to Third-Party Defendants' advice; (2) Isett is liable for the conduct of its employee/agent; (3) Third-Party Defendants breached their contract with the City by providing inaccurate advice regarding building codes and code violations; (4) Third-Party Defendants authored the Notices of Violation furnished to Vercusky; (5) the decision to evacuate Vercusky's building was made by Third-Party Defendants; and (6) Third-Party Defendants decided to disconnect Vercusky's utilities. (*Id.* at ¶ 11.) Based on the foregoing, Third-Party Plaintiffs assert a claim for contribution against Third-Party

Defendants on Vercusky's underlying due process claim, as well as a breach of contract claim against Isett and Harmon.[1]

On September 24, 2013, Third-Party Defendants filed a motion to dismiss the Third-Party Complaint pursuant to Rules 12(b)(6) and 14 of the Federal Rules of Civil Procedure. (Doc. 10.) Third-Party Plaintiffs filed a brief in opposition to the motion to dismiss on October 8, 2013, (Doc. 12), and Third-Party Defendants filed a timely reply brief in further support of their motion. (Doc. 14.) The motion to dismiss is thus ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of the plaintiffs' claims, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if the plaintiffs are entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether plaintiffs will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . .

---

[1] The Third-Party Complaint also raises a sole liability claim. Third-Party Plaintiffs concede that such a claim is improper. (Doc. 12, 4); *see also Feingold v. Quinn*, No. 12-3503, 2012 WL 6061121, at *1 (E.D. Pa. Dec. 6, 2012) ("The third-party plaintiff may not assert that the third-party defendant is solely liable to plaintiff."); *Flickinger v. Toys R Us, Inc.*, No. 10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. Oct. 29, 2010) ("A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff."). The sole liability claim will be dismissed.

3

claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the counterclaim, a counterclaim plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

4

whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

"[T]he pleading standards set forth in *Twombley* and *Iqbal* apply with equal force to . . . third-party complaints." *SEPTA v. AECOM USA, Inc.*, No. 10-117, 2010 WL 4703533, at *3 (E.D. Pa. Nov. 19, 2010) (citations omitted).

### III. Discussion

Third-Party Defendants seek dismissal of Third-Party Plaintiffs' contribution and breach of contract claims. As to the contribution claim on Vercusky's underlying due process cause of action, Third-Party Defendants maintain that they are not joint tortfeasors with Third-Party Plaintiffs, and, consequently, the claim fails as a matter of law. Regarding the breach of contract claim, Third-Party Defendants contend that because the contribution claim is not a valid claim under Federal Rule of Civil Procedure 14, Third-Party Plaintiffs may not proceed with the breach of contract claim in this action.

**A.   Contribution**

Third-Party Plaintiffs argue that their claim for contribution on Vercusky's due process claim is properly brought in this action pursuant to Rule 14 of the Federal Rules of Civil

5

Procedure. Rule 14(a) provides: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14 is only procedural and does not itself create a right to indemnity or contribution. . . . Those rights must come from the applicable substantive law." *Kohn v. Sch. Dist. of Harrisburg*, No. 11-CV-109, 2012 WL 1598096, at *3 (M.D. Pa. May 7, 2012) (citing *Foulke v. Dugan*, 212 F.R.D. 265, 269-70 (E.D. Pa. 2002)). As the parties rely on Pennsylvania law to determine whether Third-Party Plaintiffs have a viable contribution claim against Third-Party Defendants, the Court will do so as well. *See, e.g., Holman v. Walls*, 648 F. Supp. 947, 950-53 (D. Del. 1986) (applying state law); *see also Diaz-Ferrante v. Rendell*, No. 95-5430, 1998 WL 195683, at *4 n.3 (E.D. Pa. Mar. 30, 1998) (Vanaskie, J.) (citing *Holman* with approval and noting "it would be appropriate to apply state law to determine whether the third party plaintiffs are entitled to contribution from the third party defendants.").[2]

Under Pennsylvania law, a right to contribution arises only among joint tortfeasors. *See Kohn*, 2012 WL 1598096, at *3. In *Lasprogata v. Qualls*, 397 A.2d 803, 805 n.4 (Pa.

---

[2] There is an open issue in the Third Circuit as to whether there is a federal common-law right to contribution in § 1983 actions. *Compare Kohn v. Sch. Dist. of Harrisburg*, No. 11-CV-109, 2012 WL 3560822, at *3-4 (M.D. Pa. Aug. 16, 2012) (no federal common-law right to contribution in § 1983 cases), *and Rocuba v. Mackrel*, No. 10-1465, 2011 WL 5869787, at *3 (M.D. Pa. Nov. 22, 2011) (same), *with Klaitz v. New Jersey*, No. 04-529, 2006 WL 1843115, at *6 (D.N.J. June 30, 2006) ("courts within the Third Circuit often recognize a right to contribution in § 1983 cases as a matter of federal common law"), *Alexander v. Hargrove*, No. 93-5510, 1994 WL 44728, at *3-4 (E.D. Pa. Aug. 16, 1994) ("federal right to contribution exists for a claim brought under § 1983"), *and Fishman v. De Meo*, 604 F. Supp. 873, 876-77 (E.D. Pa. 1985) (federal right to contribution is available in § 1983 cases). As noted in *Rocuba*, the vast majority of courts outside the Third Circuit to address this issue have concluded that there is no right to contribution in § 1983 cases. *See Rocuba*, 2011 WL 5869787, at *3 (collecting cases). As the parties have not raised the issue, the Court declines to weigh-in on this debate.

6

Super. Ct. 1979), the Pennsylvania Superior Court stated that to be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." Moreover, the *Lasprogata* court defined a joint tort as "where two or more persons owe to another the same duty and by their common neglect such other is injured . . . ." *Id*. The Superior Court in *Voyles v. Corwin*, 441 A.2d 381, 383 (Pa. Super. Ct. 1982) indicated the following factors are relevant in determining whether parties are joint tortfeasors:

> the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

Here, Third-Party Defendants argue that the contribution claim should be dismissed because they did not owe the same legal duty to Vercusky as did Third-Party Plaintiffs. In opposition, Third-Party Plaintiffs argue that they have adequately alleged a right to contribution on the underlying due process claim because (1) they acted based on the advice provided by Third-Party Defendants and (2) they acted together in committing the wrong alleged by Vercusky.

As Third-Party Plaintiffs allege that they acted on the advice of Third-Party Defendants in evacuating and condemning Vercusky's apartment building, it appears as though their actions, performed either jointly or independently, united to cause a single injury to Vercusky. Nevertheless, under both *Lasprogata* and *Voyles*, "joint tortfeasors must owe the 'same duty' to the plaintiff, at least in the sense that they each owe a duty to the plaintiff, even if the cause of action is different." *Kohn*, 2012 WL 1598096, at \*5.

Here, Third-Party Plaintiffs are unable to show that they and Third-Party Defendants owed similar duties to Vercusky. While the Third-Party Plaintiffs owed a legal duty to Vercusky not to violate his due process rights, Third-Party Defendants were not under a like

7

duty. Rather, Third-Party Defendants' advice about building codes and code violations implicated a duty owed to Third-Party Plaintiffs. The averments in the Third-Party Complaint confirm as much: "the duties of Barry Isett & Associates, Inc. and/or Richard Harmon included, *inter alia*, inspecting buildings, identifying code violations, providing advice to the City of Hazleton and Richard Wech regarding the existence of code violations, [and] authoring reports and Notices of Violation." (*Third-Party Compl.*, ¶ 8.) Thus, as the pleadings in this action are devoid of factual allegations which would support a finding that Third-Party Defendants and Third-Party Plaintiffs owed Vercusky the "same," "common," or "like" duty, the Third-Party Defendants are not joint tortfeasors with the City and Wech. The contribution claim on the underlying due process cause of action will be dismissed.

**B.     Breach of Contract**

Third-Party Plaintiffs also assert a breach of contract claim against Third-Party Defendants. Third-Party Plaintiffs contend that the breach of contract claim may be pursued in this action under Rule 18(a) of the Federal Rules of Civil Procedure. Rule 18(a) states: "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "[A] valid third-party claim is required" as a predicate to an independent claim brought against a third-party defendant pursuant to Rule 18(a). *See Kohn v. City of Harrisburg*, No. 11-CV-109, 2012 WL 3560822, at *1 n.3 (M.D. Pa. Aug. 16, 2012) (citing *Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 68-70 (3d Cir. 1971) (Rule 18(a) allows the defendant with a valid Rule 14(a) claim to make an affirmative claim for relief against the third-party defendant as long as the court has jurisdiction over the latter claim, jurisdiction described as arising from the same transaction or occurrence as the Rule 14(a) third-party claim)); *see also Ford Motor Co. v. Edgewood Prop., Inc.*, No. 06-1278, 2007 WL 4526594, at *10 (D.N.J. Dec. 18, 2007) ("Once at least a single proper Rule 14(a)

claim is alleged, a third-party plaintiff may join as many Rule 18(a) claims as it elects."); *Chanel, Inc. v. Jupiter Group, Inc.*, No. 04-CV-1540, 2006 WL 1793223, at *4 (M.D. Pa. June 27, 2006) (the third-party plaintiffs were permitted to bring additional, independent claims pursuant to Rule 18 against the third-party defendant once it correctly impleaded the third-party defendant under Rule 14(a)); *McClendon v. Cont'l Group, Inc.*, No. 83-1340, 1986 WL 11789, at *1 (D.N.J. Oct. 21, 1986) ("If [the third-party plaintiff] has pled one valid third-party claim, the other counts may be joined under Federal Rule of Civil Procedure 18(a)."). Here, because Third-Party Plaintiffs fail to state a valid third-party claim, the breach of contract claim against Third-Party Defendants may not be joined by way of Rule 18(a). Accordingly, the breach of contract claim will be dismissed without prejudice.

## IV. Conclusion

For the above stated reasons, Third-Party Defendants' motion to dismiss the Third-Party Complaint will be granted.

An appropriate order follows.

November 8, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge